# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-16-279** |
| | § | |
| **ANGELINA GAILEY,** | § | |
| **Defendant** | § | |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Quincy Ollison, Assistant United States Attorney, and the defendant, Angelina Gailey ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (c)(1)(AB of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.     Defendant agrees to plead guilty to Count Two (2) of the indictment. Count Two (2) charges Defendant with Bankruptcy Fraud, in violation of Title 18, United States Code, Section 157(3). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the

punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.     The statutory maximum penalty for a violation of Title 18, United States Code, Section 157(3), is imprisonment of not more than Five (5) years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release of Three (3) years and acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. See Title 18, United Stated Code, Sections 3559(a) (4) and 3583(e) (3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, Section 3013(a)(2)(A) immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order,

payable to the Clerk of the United States District Court, District Clerk's Office,

P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences

with respect to her immigration status if she is not a citizen of the United States.

Defendant understands that if she is not a citizen of the United States, by pleading

guilty she may be removed from the United States, denied citizenship, and denied

admission to the United States in the future. Defendant's attorney has advised

Defendant of the potential immigration consequences resulting from Defendant's

plea of guilty.

## Waiver of Appeal and Collateral Review

5.      Defendant is aware that Title 28, United States Code, Section 1291,

and Title 18, United States Code, Section 3742, afford a Defendant the right to

appeal the conviction and sentence imposed. Defendant is also aware that Title 28,

United States Code, Section 2255, affords the right to contest or "collaterally

attack" a conviction or sentence after the judgment of conviction and sentence has

become final. Defendant knowingly and voluntarily waives the right to appeal or

"collaterally attack" the conviction and sentence, except that Defendant does not

waive the right to raise a claim of ineffective assistance of counsel on direct

appeal, if otherwise permitted, or on collateral review in a motion under Title 28,

United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.  See United States v. Booker, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7.      Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

4

## The United States' Agreements

8.     The United States agrees to each of the following:

(a)     At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and to the United States Probation Office that he receive a two-level downward adjustment pursuant to USSG § 3E1.1(a).  If the Defendant qualifies for an adjustment under USSG § 3E1.1(a), the United States agrees not to oppose the Defendant's request for an additional one-level departure based on the timeliness of the plea if the defendant's offense level is 16 or greater.

(b)     If Defendant pleads guilty to Count Two (2) of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing.

(c)     In exchange for Defendant's plea of guilty to Count Two (2) of the indictment, the United States agrees to allow co-defendant Patrick Gailey to plead to one count of Contempt of Court in violation of 18 U.S.C. § 402, a misdemeanor offense.

(d)     The United States does not oppose the defendant's request that the Court consider sentencing her to a term of probation.

## Agreement Binding - Southern District of Texas Only

9.     The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.  It does not bind any other United States Attorney.  The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10.     The United States reserves the right to carry out its responsibilities

under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file
and any investigative files, to the attention of the Probation Office in
connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to
sentencing;

(c)     to seek resolution of such factors or facts in conference with
Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with Section
6A1.2 of the United States Sentencing Guidelines and Title 18, United
States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was
determined.

## Sentence Determination

11.     Defendant is aware that the sentence will be imposed after

consideration of the United States Sentencing Guidelines and Policy Statements,

which are only advisory, as well as the provisions of Title 18, United States Code,

Section 3553(a).  Defendant, nonetheless, acknowledges and agrees that the Court

has authority to impose any sentence up to and including the statutory maximum

set for the offense(s) to which Defendant pleads guilty, and that the sentence to be

imposed is within the sole discretion of the sentencing judge after the Court has

consulted the applicable Sentencing Guidelines.  Defendant understands and agrees

that the parties' positions regarding the application of the Sentencing Guidelines do

not bind the Court and that the sentence imposed is within the discretion of the

sentencing judge.  If the Court should impose any sentence up to the maximum

established by statute, or should the Court order any or all of the sentences

imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a

guilty plea, and will remain bound to fulfill all of the obligations under this plea

agreement.

**Rights at Trial**

12.     Defendant understands that by entering into this agreement, he

surrenders certain rights as provided in this plea agreement.  Defendant

understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf.  If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

13.     Defendant is pleading guilty because she is in fact guilty of the
charges contained in Count Two (2) of the indictment.  If this case were to proceed
to trial, the United States could prove each element of the offense beyond a
reasonable doubt. The following facts, among others would be offered to establish
Defendant's guilt:

1).  The process for filing a bankruptcy petition is conducted in Bankruptcy
Court and is governed by the United States Bankruptcy Code, which is
found in Title 11 of the United States Code.

2).  A debtor is required to complete and file several documents with the
Bankruptcy Court to carry out the bankruptcy process.  These documents
consist of a Petition, which contains summary information about the debtor's
financial condition, various bankruptcy schedules, and a Statement of
Financial Affairs.  The Petition, Statement of Financial Affairs and
Bankruptcy Schedules are required to be signed by the debtor and certified
under penalty of perjury that the information contained in them is true and
correct.

3).  In completing these documents, a debtor is required to disclose all prior
bankruptcy petitions filed within the last eight years.

4). The scheme consisted of the defendant knowingly omitting material facts concerning the disclosure of all previous bankruptcy cases filed within the prior eight years. From April 2010 to February 2014, Defendant filed four (4) bankruptcy petitions in the Bankruptcy Court of the Southern District of Texas and knowingly failed to disclose all of the previous bankruptcy cases she had filed within the prior eight (8) years.

5). On or about February 3, 2014, the defendant, Angelina Gailey, filed her fourth (4th ) bankruptcy petition, Case No. 14-30673, in response to the requirement that the debtor list "All Bankruptcy Cases Filed within the Last 8 Years" made under penalty of perjury, Defendant did not disclose the prior three (3) cases filed within eight years. During this eight-year period, defendant filed the following cases on the following dates: Case No. 10-32826 on April 5, 2010; Case No. 12--39402 on December 23, 2012; and Case No. 13-34722 on August 8, 2013. Defendant's failure to disclose these three (3) previous cases in her fourth (4th ) petition constitutes a material fact, false oath, declaration, and/or representation not disclosed to the Bankruptcy Court.

### Breach of Plea Agreement

14.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.

If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution and Forfeiture

15.    Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).  Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

15.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.

Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions contained in the plea agreement, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

16.     This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

17.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___, Texas, on ___May 18___, 2017.

_____
Defendant

Subscribed and sworn to before me on _____May 18_____ , 2017.


DAVID BRADLEY
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk


APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____          _____
Quincy L. Ollison                                                  James Alston
Assistant United States Attorney                          Attorney for Defendant
Southern District of Texas
Telephone: 713-567-9717
Facsimile: 713-718-3304

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-16-279 |
| | § | |
| ANGELINA GAILEY | § | |
| Defendant | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.  I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.


_____          5/18/17

James Alston                                    Date
Attorney for Defendant

13

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.  My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.


_____          _____
ANGELINA GAILEY                         Date
Defendant